O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

YUN HSENG LIAO,                          ) Case No. CV 10-5691 JGB (JCG)
                                         )
              Petitioner,                ) **ORDER ACCEPTING REPORT AND**
                                         ) **RECOMMENDATION OF UNITED**
       v.                                ) **STATES MAGISTRATE JUDGE**
                                         )
MAURICE JUNIOUS, Warden,                 )
                                         )
              Respondent.                )
                                         )
_____  )

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections and supplemental filings to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally reiterate the arguments made in the Petition and Reply, and lack merit for the reasons set forth in the Report and Recommendation. Furthermore, the Court is unpersuaded that the Ninth Circuit's recent holding in *Vega v. Ryan*, 735 F.3d 1093 (9th Cir. 2013) compels a different result, as urged by Petitioner in his supplemental filings.

There are two issues, however, that warrant brief amplification here.

First, in his Objections, Petitioner again highlights defense expert Dr. Kushida's concession that "a personal examination was *necessary* to a[] 'medical diagnosis' of sleepwalking" to prove hat he was, in fact, prejudiced by his counsel's deficient

performance.  (Obj. at 5) (emphasis in original.)  However, Petitioner fails to mention that Dr. Kushida later clarified that a sleep study examination was neither "necessary nor sufficient for the diagnosis of sleep-related violence."  (RT at 544-45.)  Rather, a sleep study would have helped to eliminate other sleep disorders and to "look at the etiology of the condition, the cause of the condition."  (RT at 514, 543-45.)  Moreover, Dr. Kushida testified to a "medical certainty" that Petitioner was, indeed, a sleepwalker, (RT 517-18, 548), and that a personal examination of Petitioner would not have altered his opinion.  (RT at 531-32) (stating that the "questions [he] normally would ask were covered in the documents".)

Second, Petitioner contends that expert Dr. Erman's opinion would "*not* [have been] vulnerable to the kind of attack the prosecution leveled on Dr. Kushida's testimony" because Dr. Erman examined Petitioner.  (Obj. at 7.)  In particular, Petitioner complains that Dr. Kushida's "lack of a supporting sleep study" enabled the prosecution's rebuttal witness, Dr. Kaushal Sharma, to attack the defense's position.  (*Id.*)  The Court disagrees.  As Petitioner notes, Dr. Sharma "testified [at the evidentiary hearing] that after reviewing his reports and trial testimony, and hearing Dr. Erman testify, his opinion remained the same as it was when he testified at trial[.]" (Pet. Mem. at 15.)  And, "[Dr.] Sharma believed that the information contained in Dr. Erman's testimony only suggested the possibility of sleepwalking, based on the sleep apnea and movements observed in the study."  (*Id.*)  Thus, it is likely that Dr. Erman's testimony regarding the sleep study would have been equally "vulnerable" to attack by Dr. Sharma at trial.

Thus, the Court cannot find that the state court unreasonably rejected Petitioner's ineffective assistance of counsel claim.

Accordingly, IT IS ORDERED THAT:

1.      The Report and Recommendation is approved and accepted, with the following correction: page 5, line 13 of the Report and Recommendation should be changed from "state appellate court" to "trial court";

2.      Judgment be entered denying the Petition and dismissing this action with prejudice; and

3.      The Clerk serve copies of this Order on the parties.

As the Court finds that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" however, the Court will issue a certificate of appealability as explained in the order concurrently filed herewith.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

DATED: May 9, 2014

_____
HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE